## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
## CASE NO.:

| | |
|---|---|
| **SAMUEL E. DAVIS,** on behalf of himself and all others similarly situated individuals<br><br>**Plaintiff,**<br>v.<br><br>**CAVALRY PORTFOLIO SERVICES, LLC and SCHACHTER PORTNOY, LLC,**<br>**Defendants.** | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through his attorney, Abel L. Pierre, Esq., as and for his complaint against the Defendants CAVALRY PORTFOLIO SERVICES, LLC, (hereinafter "Cavalry") and SCHACHTER PORTNOY, LLC, (hereinafter "Schachter") alleges as follows:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff brings this action on all causes of action on behalf of himself and the members of a class pursuant to Federal Rule of Civil Procedure 23.

### II. JURISDICTION

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(d).

### III. ALLEGATIONS AS TO PARTIES

3. Plaintiff, Samuel E. Davis, ("Davis") is a natural person residing in New York, New York.

4. Mr. Davis is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

5. Upon information and belief Defendant Cavalry Portfolio Services, LLC and is a foreign limited liability company that did transact, and does now presently transact business in the State of New York.

6. Defendant Cavalry is authorized to conduct business in the State of New York through its registered agent CT Corporation System at 111 Eighth Avenue, New York, NY 10011.

7. Upon information and belief, Defendant Cavalry regularly attempts to collect consumer debts alleged to be due to another.

8. Upon information and belief Defendant Cavalry is a debt collector as defined pursuant to FDCPA 15 U.S.C. § 1692a(6).

9. Upon information and belief Defendant Schachter Portnoy , LLC and is a foreign professional service limited liability company that did transact, and does now presently transact business in the State of New York.

10. Defendant Schachter is authorized to conduct business in the State of New York through its professional business address of 500 Summit Lake Drive, Suite 4A, Valhalla, New York 10595.

11. Upon information and belief, Defendant Schachter regularly attempts to collect consumer debts alleged to be due to another.

12. Upon information and belief Defendant Schachter is a debt collector as defined pursuant to FDCPA 15 U.S.C. § 1692a(6).

13. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from Plaintiff.

14. Defendants are subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff adopts and realleges the foregoing as fully restated herein.

16. Prior to the commencement of this action, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17. Sometime thereafter, on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for collection from this Plaintiff. The chain of assignment of this debt seems to be HSBC Bank Nevada to MBNA to ECast Settlement Corp. to Cavalry Investments, LLC and finally to Cavalry Porfolio, LLC.

18. Schachter Portnoy, LLC, upon information and belief and at all times relevant has been the attorneys for Defendant Cavalry in connection to the underlying debt.

19. Consequently, Defendants began their collection efforts to collect said debt from Plaintiff.

20. Subsequently, on or about January 15, 2008, Defendant Cavalry via its attorneys Defendant Schachter, filed an action against the Plaintiff to recover this debt in the Queens County jurisdiction of the New York City Civil Court, entitled Cavalry Portfolio Services, LLC as assignee of Cavalry Investments, LLC as assignee of ECast Settlement Corp., as assignee of MBNA v. Samuel E. Davis, Index No.: CV-5800/2008.

21. Defendants claimed because of its cause of action, it was entitled to receive the sum of $2,484.31 from the Plaintiff.

22. On or about April 13, 2009, Defendants obtained a default judgment against the Plaintiff in the amount of $2,614.31.

23. It is extremely important to note that the Plaintiff has never lived in the county of Queens prior to the commencement of the Civil Court Action against him.

24. It is extremely important to note that at the time of the commencement of the Civil Court Action Plaintiff resided in the District of Columbia.

25. Plaintiff had no idea that this action to collect this debt was filed against him, much less Defendants obtaining a default judgment.

26. Plaintiff found out about this judgment when his current employer received a notice of wage garnishment from a New York City Marshal on or about September 22, 2017.

27. Plaintiff immediately sought to rectify this matter and contacted Defendant Schachter. It was at this time that Plaintiff learned that this debt had now ballooned over four thousand dollars.

28. Plaintiff, ordered a copy of his credit report on or about October 30, 2017, to see if any of the Defendants were reporting this debt to the credit reporting agencies.

29. Plaintiff was astounded to learn that Defendant Cavalry was in fact reporting the debt, however, Defendant was reporting the balance of the debt to be forty dollars ($40.00).

30. Plaintiff was stunned to say the least, then immediately took steps to help him rectify this matter, by retaining the Law Office of Abel L. Pierre, PC.

31. By seeking to garnish Plaintiff's wages in an amount over four thousand dollars and simultaneously reporting to the credit reporting agencies, which is another attempt to collect this debt, that Plaintiff owed forty dollars, were malicious attempts at collecting this debt from Plaintiff.

32. By reporting an amount significantly lower than what was actually owed, Defendants made it impossible for Plaintiff to utilize his credit report to determine an accurate balance of the debt.

33. In light of the facts articulated herein, Defendants utilized false and deceptive means to coerce Plaintiff into the paying debt.

34. In light of the facts articulated herein, Defendants utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying the debt.

35. In light of the facts articulated herein, Defendants attempted to collect a debt by reporting false credit information.

36. In light of the facts articulated herein, Defendants attempted to collect a debt by misrepresenting the amount of the alleged debt.

37. In light of the facts articulated herein, Defendants attempted to collect a debt communicating false representations or utilizing deceptive means.

38. In light of the facts articulated herein, Defendants engaged in collection activity, the purpose of which was to harass the Plaintiff.

39. Defendants' activity on these occasions were a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(8), 1692e(10), 1692f and 1692f(1), amongst others.

40. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendants.

## V. PRACTICES OF DEFENDANTS

41. It is or was the policy and practice of Defendants to collect or attempt to collect debts by utilizing various deceptive means, i.e, civil litigation, wage garnishment and credit reporting.

42. Said practices and policies of Defendants are deceptive representations, which contradicts consumers' rights.

43. That the Defendants intentionally and knowingly and/or carelessly and recklessly attempt to obtain illegal judgments against consumers and then garnish the wages of consumers for an exorbitant amount for the sole purpose of harassing consumers and coercing payment and collecting debts which it knows or should know that the consumers do not owe.

44. That the Defendants intentionally and knowingly and/or carelessly and recklessly attempt to collect debts from consumers by reporting erroneous and misleading information to the credit reporting agencies for the sole purpose of harassing consumers and coercing payment and collecting debts which it knows or should know that the consumers do not owe.

45. Defendants' conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendants are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

46. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendants are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## VI. ALLEGATIONS OF LAW

47. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to the following:  d, e, and f.

    i.   Defendants violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

    ii.   Defendants violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

    iii.   Defendants violated 15 U.S.C. § 1692e(2) making false and misleading representations in connection to the amount  of an alleged debt; communicating false credit information; and utilizing false representations or deceptive means to collect a debt;

    iv.   Defendants violated 15 U.S.C. § 1692e(8) by communicating false credit information to the credit reporting agencies.

    v.   Defendants violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to attempt to collect an unfair alleged debt;

    vi.   Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating the debt or by law;

    vii.   Defendants violated 15 U.S.C. § 1692i(a)(2) by bringing a legal action in a location other than where the contract was signed or where the consumer resided.

viii. Where there is no signed contract the FDCPA prohibits a debt collector from commencing an action anywhere besides the judicial district where the consumer resides. See Hess v. Cohen & Slamowitz, 637 F.3d 117 (2d Cir. 2011).

48. To the extent that the Defendants attempted to collect a debt from Plaintiff even though Defendants knew or should have known that Plaintiff did not owe the underlying debt and such actions also violated New York State Statutes prohibiting Deceptive Acts and Practices. *See* New York State Code Article 22-A. § 349.

## VII. CLASS ALLEGATIONS

49. The causes of action are brought on behalf of Plaintiff and the members of a class.

50. The class consists of all persons within the United States whom Defendants obtained illegal judgments against, then garnish their wages for an exorbitant amount and all the while, reporting erroneous and misleading information to the credit reporting agencies within the fifteen years prior to the filling of the Complaint.

51. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

52. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendant Cavalry, directly and through its agent Defendant Schachter, reported misleading and erroneous credit information to the credit reporting agencies and illegally obtained a default judgment against the Plaintiff and the Class members to garnish their wages for an exorbitant amount.

53. Plaintiff and members of the Class were further harmed by the acts of Defendants in at least the following ways: Defendant Cavalry, directly and through its agent Defendant Schachter, brought lawsuits against consumers in geographic locations outside of the judicial district where the consumers lived in violation of the Fair Debt Collection Practices Act.

54. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

55. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or its agents' records.

56. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following: (a) whether, within the fifteen years prior to the filing of this Complaint, Defendants or their agents initiated civil cases to obtained judgments against the Plaintiff or class members, (b) whether Defendants or their agents obtained judgments against Plaintiff or class members for certain amounts, then reported to the credit reporting bureaus a different amount than the judgments obtained, then proceeded to garnish the wages of Plaintiff or class members for a different amount other than the judgment obtained and what's being reported to the bureaus, (c) whether Plaintiff and the Class members were

damaged thereby, and the extent of damages for such violation; and (d) whether Defendants and their respective agents should be enjoined from engaging in such conduct in the future.

57. As a person that Defendants obtained a judgment against, then reported misleading and erroneous amounts to the credit reporting agencies and then proceeded to garnish Plaintiff's wages for an exorbitant amount, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

58. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

59. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Debt Collection Practices Act.

60. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and state law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

61. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

### Violation of § 1692d Of The FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

62. Plaintiff adopts and realleges the foregoing as fully stated herein.

63. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. *See, 15 U.S.C. § 1692d.*

64. Defendants' violation of § 1692d of the FDCPA, include, but are not limited to, reporting a balance of a certain amount owed on the alleged debt to the credit reporting agencies, while simultaneously attempting to garnish Plaintiff's wages for another amount approximately 100 times more than what the alleged balance owed being reported. Defendants also brought the legal action in a location where the Plaintiff did not reside or sign any agreement which created the alleged debt.

65. Defendants' violation of § 1692d of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

66. By reporting a balance of a certain amount owed on the alleged debt to the credit reporting agencies, while simultaneously attempting to garnish Plaintiff's wages for another amount approximately 100 times more than what the alleged balance owed being reported, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

67. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692d of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

68. Defendants' violation of § 1692d of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k(a)(1).*

69. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.


## COUNT II

### Violation of § 1692e Of the FDCPA – Any other false, deceptive, or misleading representation or means in connection with the debt collection

70. Plaintiff adopts and realleges the foregoing as fully stated herein.

71. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. See, 15 U.S.C. § 1692e.

72. Defendants' violation of § 1692e of the FDCPA, include, but are not limited to, reporting a balance of a certain amount owed on the alleged debt to the credit reporting agencies, while simultaneously attempting to garnish Plaintiff's wages for another amount approximately 100 times more than what the alleged balance owed being reported.

73. Defendants' violation of § 1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

74. By reporting a balance of a certain amount owed on the alleged debt to the credit reporting agencies, while simultaneously attempting to garnish Plaintiff's wages for another amount approximately 100 times more than what the alleged balance owed being reported, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

75. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

76. Defendants' violation of § 1692e of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k(a)(1).*

77. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT III

### Violation of § 1692e(2) Of the FDCPA – False or misleading representations in communications regarding character, amount or legal status of the alleged debt

78. Plaintiff adopts and realleges the foregoing as fully stated herein.

79. Section 1692e(2) of the FDCPA prohibits a debt collector from misrepresenting the character, amount or legal status of an alleged debt to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. *See, 15 U.S.C. § 1692e(2).*

80. Defendants' violations of § 1692e(2) of the FDCPA, include, but are not limited to, reporting a balance of a certain amount owed on the alleged debt to the credit reporting agencies, while simultaneously attempting to garnish Plaintiff's wages for another amount

approximately 100 times more than what the alleged balance owed being reported. The amount Defendants seeks in wage garnishment and the amount Defendants reported to the credit reporting agencies clearly are misrepresentations in communications regarding the amount of the alleged debt.

81.  Defendants' violations of § 1692e(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

82. By reporting a balance of a certain amount owed on the alleged debt to the credit reporting agencies, while simultaneously attempting to garnish Plaintiff's wages for another amount approximately 100 times more than what the alleged balance owed being reported, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

83. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

84. Defendants' violations of § 1692e(2) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See15 U.S.C. § 1692k(a)(1).*

85. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## **COUNT IV**

### **Violation of § 1692e(8) Of the FDCPA – Threatens or communicates false credit information, including failure to communicate that the debt is disputed**

86. Plaintiff adopts and realleges the foregoing as fully stated herein.

87. Section 1692e(8) of the FDCPA prohibits a debt collector from threatening or communicating false credit information, including failing to communicate that the debt is disputed. *See, 15 U.S.C. § 1692e(8)*

88. Defendants' violations of § 1692e(8) of the FDCPA, include, but are not limited to, reporting a balance of a certain amount owed on the alleged debt to the credit reporting agencies that is erroneous, false and misleading.

89. Defendants' violations of § 1692e(8) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k*.

90. By reporting a balance of a certain amount owed on the alleged debt to the credit reporting agencies that is erroneous, false and misleading, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

91. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(8) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

92. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## **COUNT V**

### **Violation of § 1692e(10) Of the FDCPA – Any  false representation or deceptive means to collect a debt or obtain information about a consumer**

93. Plaintiff adopts and realleges the foregoing as fully stated herein.

94. Section 1692e(10) of the FDCPA prohibits a debt collector from communicating any false representation or deceptive means to collect a debt. *See, 15 U.S.C. § 1692e(10)*

95. Defendants' violations of § 1692e(10) of the FDCPA, include, but are not limited to, reporting a balance of a certain amount owed on the alleged debt to the credit reporting agencies, while simultaneously attempting to garnish Plaintiff's wages for another amount approximately 100 times more than what the alleged balance owed being reported.

96. Defendants' violations of § 1692e(10) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k*.

97. By reporting a balance of a certain amount owed on the alleged debt to the credit reporting agencies, while simultaneously attempting to garnish Plaintiff's wages for another amount approximately 100 times more than what the alleged balance owed being reported, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

98. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

99. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## **COUNT VI**

### **Violation of § 1692f Of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt**

100.    Plaintiff adopts and realleges the foregoing as fully stated herein.

101.    Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. *See, 15 U.S.C. § 1692f.*

102.    Defendants' violations of § 1692f of the FDCPA, include, but are not limited to, reporting a balance of a certain amount owed on the alleged debt to the credit reporting agencies, while simultaneously attempting to garnish Plaintiff's wages for another amount approximately 100 times more than what the alleged balance owed being reported.

103.    Defendants' violations of § 1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

104.    By reporting a balance of a certain amount owed on the alleged debt to the credit reporting agencies, while simultaneously attempting to garnish Plaintiff's wages for another amount approximately 100 times more than what the alleged balance owed being reported, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

105.    As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

106.    Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged

to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT VII

### Violation of § 1692f(1) Of the FDCPA – Any attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

107.    Plaintiff adopts and realleges the foregoing as fully stated herein.

108.    Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.  *See, 15 U.S.C. § 1692f(1).*

109.    Defendants' violations of § 1692f(1) of the FDCPA, include, but are not limited to, reporting a balance of a certain amount owed on the alleged debt to the credit reporting agencies, while simultaneously attempting to garnish Plaintiff's wages for another amount approximately 100 times more than what the alleged balance owed being reported. The amount Defendants seek in wage garnishment and the amount Defendants reported to the credit reporting agencies clearly not amounts authorized by the agreement creating the debt.

110.    Defendants' violations of § 1692f(1) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

111.    By reporting a balance of a certain amount owed on the alleged debt to the credit reporting agencies, while simultaneously attempting to garnish Plaintiff's wages for another amount approximately 100 times more than what the alleged balance owed being reported, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

112.    As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that he,

among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

113.     Defendants' violations of § 1692f(1) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See* *15 U.S.C. § 1692k(a)(1).*

114.     Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT VIII

### Violation of § 1692i(a)(2) Of the FDCPA – Bringing a legal action in a location other than where the contract was signed or where consumer resides

115.     Plaintiff adopts and realleges the foregoing as fully stated herein.

116.     Section 1692i(a)(2) of the FDCPA prohibits a from bringing a legal action in a location other than where the contract was signed or where the consumer resides. *See, 15 U.S.C. § 1692i(a)(2).* Where there is no signed contract the FDCPA prohibits a debt collector from commencing an action anywhere besides the judicial district where the consumer resides See Hess v. Cohen & Slamowitz, 637 F.3d 117 (2d Cir. 2011).

117.     As previously articulated above, Plaintiff, never signed a contract creating the underlying debt which created the alleged basis for the Civil Court Action. Even if Plaintiff did sign an agreement creating the debt (which he did), Plaintiff never resided within the judicial district of the Queens County Civil Court at the time or prior to the commencement of the Civil Court Action. Additionally, at the time of the Civil Court Action Plaintiff resided in the District of Columbia.

118.    By commencing the Civil Court Action in a judicial district other than where the Plaintiff resided, the Defendants made it impossible that Plaintiff would have been able to become aware of the Civil Court Action and properly defend himself in that action. These acts made it easy for Defendants to obtain a judgment against Plaintiff.

119.    Defendants' violations of § 1692i(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

120.    By reporting a balance of a certain amount owed on the alleged debt to the credit reporting agencies, while simultaneously attempting to garnish Plaintiff's wages for another amount approximately 100 times more than what the alleged balance owed being reported, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

121.    As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692i(a)(2) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

122.    Defendants' violations of § 1692i(a)(2) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See15 U.S.C. § 1692k(a)(1).*

123.    Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged

to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or

otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT IX

### Violations of the New York General Business Law § 349

124.     Plaintiff adopts and realleges the foregoing as fully stated herein.

125.     Under New York General Business Law §349, deceptive acts or practices in the

conduct of any business conducted in the State of New York are unlawful.

126.     GBL § 349 provides in relevant part as follows:

  a.   *Deceptive acts or practices in the conduct of any business, trade or commerce or
       in the furnishing of any service in this state are hereby declared unlawful.*

       And;

  h.   *In addition to the right of action granted to the attorney general pursuant to this
       section, any person who has been injured by reason of any violation of this section
       may bring an action in his own name to enjoin such unlawful act or practice, an
       action to recover his actual damages or fifty dollars, whichever is greater, or both
       such actions.  The court may, in its discretion, increase the award of damages to
       an amount not to exceed three times the actual damages up to one thousand dollars,
       if the court finds the Defendants willfully or knowingly violated this section.  The
       court may award reasonable attorney's fees to a prevailing plaintiff.*

127.     It is the regular business practice of Defendants to harass consumers in an abusive

manner as a means to pressure the alleged debtor.   Defendants engaged in such a deceptive

practice aimed at other New York consumers. Defendants' actions have a broad impact on

New York consumers at large.

128.     It is the regular business practice of Defendants to report false credit information to

credit report agencies as a means to pressure the alleged debtor. Defendants engaged in

such deceptive practice aimed at other New York consumers. Defendants' actions have a

broad impact on New York consumers at large.

129.     By unlawfully harassing Plaintiff, Defendants caused Plaintiff to suffer actual injury

in the form of emotional distress.

130.    By unlawfully seeking to collect a debt from Plaintiff, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

131.    As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of New York GBL § 349, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

132.    Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing to Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.


## **<u>PRAYER FOR RELIEF</u>**

Plaintiff, Samuel E. Davis prays that this Court:

a.   Grant an order certifying the proposed class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

b.   Create a common fund available to provide notice of and remedy Defendants' violations;

c.   Declare that Defendants violated the FDCPA;

d.   Declare that Defendants violated New York General Business Law § 349;

e.   for an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against the Defendants for Plaintiff;

f.   Enter judgment in favor of Plaintiff and against Defendants, for statutory

damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of

the FDCPA;

g.   Enter judgment enjoining Defendants from collecting or attempting to collect

any debt alleged to be owed by Plaintiff,

h.   Grant such further relief as deemed just.

## **JURY DEMAND**

Plaintiff, Samuel E. Davis demands trial by jury.

Respectfully submitted,

Dated: January 11, 2018

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone:  (212) 766-3323
Facsimile:  (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**